IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRICE SIMPSON,

      Plaintiff,

v.

LATOYA HUGHES, ILLINOIS
DEPARTMENT OF CORRECTIONS,
CENTURIAN HEALTH GROUP,
LAWRENCE CORRECTIONAL
CENTER, BROWN, M. BURTON,
MAJOR VON, MAJOR GILHETH,
MAJOR HENTON, GRANGED, LT.
HUNDLEY, LT. TAYLOR, SGT.
THOMPSON, SGT. GIBBONS, C/O
ROBINSON, C/O HOICEDE, and
JOHN DOE #'s 1-4,

      Defendants.

Case No. 26-cv-117-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Brice Simpson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On February 3, 2026, the case was transferred from the United States District Court for the Central District of Illinois (Docs. 46-47). Simpson's Complaint is difficult to decipher, but it appears that he takes issue with officials taking his blood and officials' attempts to keep him incarcerated on mental health grounds.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. FED. R. CIV. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A successful complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Simpson's Complaint is difficult to read and even more difficult to understand. He uses run-on sentences that fail to adequately articulate a coherent thought. Indeed, large portions of his pleading are incoherent. For instance, Simpson notes at the beginning of his pleading "that the grounds are the omission of the corruption of blood tooken [sic] by the officials of Illinois Department of Corrections to stage criminal intent and criminal

acts that will […][1] speculative risk of perverse that the law enforcement agency can create a nuisance misconduct of an obstruction of justice manner." (Doc. 1, p. 2).

Simpson later states that "[t]he mental health manipulation that created deceptive practices by Dr. Cordova and the corporation to be within the malice intent or malice in law or fuel that the […] the plaintiff to have civil commitment by pushing for the risk to harm themselves and others. To be the reason to entrap the plaintiff and continue the confinement of the plaintiff as to enslave the plaintiff of his rights to freedom…." (Doc. 1, p. 3).

His statement of "undisputed facts" is clearer to read but fails to clarify Simpson's intended claims. Simpson notes that he pleaded guilty in 2015 without finding the ones responsible for the crime (Doc. 1, p. 6). He eventually ended up at Lawrence Correctional Center where he alleges that on November 24, 2025, C/O Robinson confessed to stealing his blood, prompting Simpson to file a grievance (*Id.*). The following day, another correctional officer confessed to stealing blood (*Id.*). On December 2, 2025, Simpson woke up to screams, and on December 10, 2025, he was forced to watch and possibly overheard someone say they were going to kill a victim being housed on B wing (*Id.* at p. 7). Two days later, Simpson learned from a correctional officer who was angry at him that Dr. Cordeva fabricated mental health papers regarding Simpson (*Id.*). On another evening in December, Simpson alleges that he awoke to the sounds of a woman being

---

[1] Indecipherable words and/or phrases are noted by […].

raped and attacked and on January 2, 2026, an officer confessed to raping his son on 8 House, A Gallery (*Id.*).

His conclusion and request for relief provides little insight into Simpson's claims. He merely states that he "ask[s] this court to find the faults at any ongoing action from in default judgment to […] by required or permissive joinder of parties that has violated or is from the violation by the agencies […] that by demographics the real person for State of Illinois and County of Cook County" (Doc. 1, p. 13). A recently filed motion for injunctive relief (Doc. 57) merely states a list of demands, including Simpson's release to a mental health facility or electronic monitoring. The motion fails to further articulate the nature of his claims.

It appears that Simpson believes that his blood was taken by some officers and his rights were somehow violated by that action. He also appears to take issue with his continued confinement. But the Court cannot make sense of the majority of his allegations, nor can it discern any viable claim against the named Defendants. Simpson has filed numerous motions (Docs. 52, 53, 55, 56, 57, 58, 59, 61, 64, 65, and 66), but none of those further clarify his potential claims.[2] Simpson's Complaint simply fails to provide enough coherent facts to state a viable claim.

The Court's usual practice "is to allow defective pleadings to be corrected." *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Stibbe v. Evers*, No. 22-

---

[2] Simpson appears to have scoured the Federal Rules of Civil Procedure to file motions on a variety of topics, many of which are not relevant to his case.

1455, 2022 WL 16833515, at *2 (7th Cir. Nov. 9, 2022) (citing *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519–20 (7th Cir. 2015)). However, the Court has no basis to conclude that given another chance, Simpson could articulate a viable claim. His pleading and the current pending motions (of which there are many) are nonsensical. Further, Simpson's Complaint also appears to be duplicative of his Amended Complaint in *Simpson v. Lawrence Correctional Center*, Case No. 26-cv-00051-SPM (Doc. 12). The Court directed Simpson to show cause as to why this case should not be dismissed as duplicative of the claims in Case No. 26-cv-00051-SPM (Doc. 50). In response, Simpson filed a response entitled "Summary Judgment in Response of Judges Order to Show Cause" (Doc. 51). Simpson's response is also difficult to decipher. As to whether the claims in this case are duplicative, Simpson seems to acknowledge that both cases include duplicate briefs and duplicate claims, but he argues that this case should not be dismissed because the Central District of Illinois stated that the claims were against the warden of Lawrence Correctional Center (Doc. 51, p. 11). He also seeks permissive joinder of the parties in the two cases and asks to sort the events and claims out for him (*Id.* at p. 13). He indicates that his duplicate briefs were an attempt to inform the court of new information (*Id.*). Simpson cannot proceed on identical claims in both cases. *See Scholz v. United States*, 18 F.4th 941, 951 (7th Cir. 2001) ("[a] suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'") (quoting *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012)). Thus, to the extent Simpson wishes to pursue his claims, he could do so in his other pending case. An amended pleading in this case is not warranted.

## Disposition

For the reasons stated above, Simpson's Complaint is **DISMISSED with prejudice**. His pending motions (Docs. 52, 53, 55, 56, 57, 58, 59, 61, 64, 65, and 66) are **DENIED as moot**. The Clerk of Court is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 16, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**